## Chesapeake & Ohio Railway Company v. Montjoy's Administrator.

(Decided May 1, 1913.)

### Appeal from Bath Circuit Court.

1. Railroads—Operation—Injuries to Persons on Track—Injury Avoidable Notwithstanding Contributory Negligence.—A railroad company is liable for injury or death of persons on or near its tracks caused by one of its trains, if those in charge thereof fail to use all reasonable means at their command to avoid injuring them, after discovery of their peril, notwithstanding the fact that the victims were guilty of the grossest negligence.

2. Railroads—Operation—Injuries to Persons on Track—Actions—Questions For Jury.—In an action for the death of one killed on the track, it was held a question for the jury to say whether or not those in charge of the train causing the death used reasonable care to avoid injuring the deceased, after discovery of his peril.

3.  Appeal—Review—Verdict—Flagrantly Against the Evidence.—
    Verdict is sustained by the evidence and will not be set aside as
    against the weight of the evidence.

LEWIS APPERSON and SHELBY & SHELBY for appellant.

C. W. NESBITT for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This is the second appeal in this case. The former opinion is found in 148 Ky., 279, where the facts are fully stated, and a restatement is unnecessary for the purpose of determining the question raised upon this appeal. Appellee recovered a judgment in the lower court, which was reversed for error in the instructions. Upon a return of the case, another trial was had and, at the conclusion of the evidence, the court instructed the jury as directed in the former opinion, and plaintiff again recovered a verdict. From the judgment predicated thereon, the company prosecutes this appeal, and now seeks a reversal because the verdict is flagrantly against the evidence.

As stated in the former opinion, the evidence shows that the decedent "was guilty of the grossest negligence," but it was likewise held that, notwithstanding this fact, it was the duty of those in charge of the train "to use all reasonable means at their command" to avoid injuring him, after they discovered his peril, and it was said, and properly so, that, under the facts developed in the evidence, it was a question for the jury to say whether or not the engineer did use reasonable care, under the circumstances, to avoid injuring the deceased, after he discovered his peril. He admits that he saw him some distance before he reached the place, at which he was struck, and insists that he did everything that could have been done to avoid striking him; if this evidence was accepted as conclusive upon this point, the company would have been entitled to a peremptory instruction. But, evidence was introduced tending to show that, after the speed of the train had been very materially reduced, when the engine was within a short distance of deceased and while he was still upon the track in plain view, the speed was suddenly increased, and, before it was slackened again, the accident occurred. This was the only evidence appearing upon the former trial, and the latter as well, tending in any wise to show that those in

charge of the train, and particularly the engineer, failed to exercise ordinary care to avoid injuring the deceased after the peril of his position was discovered.

Was it negligence on the part of the engineer sud-denly to start the train forward, at an increased rate of speed, when he was so near deceased, and necessarily knew that, if he did not leave the track, he could not avoid being injured? This is the question which, upon the former appeal, was directed to be submitted to the jury. The court having done so, under proper instructions, and the jury having found against the Company, we see no reason for disturbing the judgment predicated upon their verdict.

Judgment affirmed.